PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1995 Dodge Neon stmck a broken section of road while he was traveling on County Route 8, also known as Durgon Road, in Grant County. County Route 8 is a road maintained by respondent. The Court is of the opinion to make an award in this claim *22 for the reasons more fully stated below.
The incident giving rise to this claim occurred around 9:30 p.m. on February 16,2004. County Route 8 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving on County Route 8 when his vehicle struck a section of road that was broken up all the way across the road. Mr. Shirk stated that there were large chunks of asphalt laying throughout the road. He testified that his vehicle struck the broken section of road and chunks of asphalt, damaging the transmission pan and oil filter. Claimant’s vehicle sustained damage totaling $2,194.98.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 8 at the site of the claimant’s accident for the date in question.
Zyndall Thorne, a County Crew Leader for the respondent in Grant County, testified that he had no knowledge of a section of broken road on County Route 8 for the date in question. Mr. Thome stated that there were no records of any complaints concerning the condition of the road prior to claimant’s incident. He stated that respondent’s crews went to the site and put up warning signs and removed asphalt chunks from the roadway after the incident. Mr. Thome testified that this condition was the result of a base failure that occurred due to the winter weather. He also testified that the road has a history of being in pretty bad shape. He stated that the failure occurred along a stretch of road approximately fourteen feet wide and twenty five feet long. Respondent maintains that it had no actual or constructive notice of any holes on County Route 8.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the broken section of road which claimant’s vehicle stmck and that it presented a hazard to the traveling public. Photographs in evidence depict the section of road and provide the Court an accurate portrayal of the size and location of the broken pavement on County Route 8. The size of the broken section of road leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $2,194.98.
Award of $2,194.98.